ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
IVAN M. GOLD (BAR NO. 121486)
3 Embarcadero Center, 25th Floor
San Francisco, California 94111-4070
Phone:  (415) 837-1515
Fax:  (415) 837-1516
Email:    igold@allenmatkins.com

ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
TIMOTHY M. HUTTER (BAR NO. 267949)
MIKAYLA O'NEAL (BAR NO. 334357)
HALEY WAYLAND (BAR NO. 345976)
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Phone:  (619) 233-1155
Fax:  (619) 233-1158
E-Mail:    thutter@allenmatkins.com
            moneal@allenmatkins.com
            hwayland@allenmatkins.com

Attorneys for Plaintiff
HSE ASSOCIATES, LLC, a Florida limited liability
company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HSE ASSOCIATES, LLC, a Florida limited liability company, <br><br> Plaintiff, <br><br> v. <br><br> DECATHLON USA, LLC, a Delaware limited liability company and DECATHLON SE, a French corporation, <br><br> Defendants. | Case No. 4:26-cv-01053-AMO <br><br> **STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** <br><br><br> Complaint filed: February 3, 2026 <br> Trial Date:        November 30, 2027 |

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4898-2105-3878.2

CASE NO. 4:26-CV-01053-AMO
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

## 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

## 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

## 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI. Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons listed below, as needed, to confer about ESI and to help resolve disputes without court intervention. Discovery liaisons for each party are listed below as follows:

a) Plaintiff:       Mikayla O'Neal/Haley Wayland/Timothy Hutter
Allen Matkins Leck Gamble Mallory & Natsis, LLP
600 W. Broadway, 27th Floor
San Diego, CA 92101-0903
moneal@allenmatkins.com; hwayland@allenmatkins.com;
thutter@allenmatkins.com

b) Defendants:    Antony Nash/Danya Elbendary
Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
anash@mintz.com; delbendary@mintz.com

## 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a) Only ESI created or received between January 1, 2018 and November 30, 2027 will be preserved;

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4898-2105-3878.2

-2-

CASE NO. 4:26-CV-01053-AMO
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

b) The parties have exchanged a list of the types of ESI they believe should be preserved, a copy of which is attached hereto as **Exhibit A**.

## 5. SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

## 6. PRODUCTION FORMATS

The parties agree to produce documents in ☒ PDF, ☒TIFF, ☒native and/or ☐paper or a combination thereof (check all that apply)] file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

## 7. PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI. Following the initial production, the parties will continue to prioritize the order of subsequent productions.

## 8. DOCUMENTS PROTECTED FROM DISCOVERY

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

The receiving party shall not use or disclose any document, including ESI, that the producing party asserts is protected by the attorney-client privilege, work product doctrine, or other applicable privilege, except as necessary to comply with this Order or to present a challenge to the propriety of the asserted privilege or protection.  If the receiving party challenges the assertion of privilege or protection, the challenged material shall not be used for any purpose other than resolving that challenge and shall be submitted, if necessary, under seal,

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4898-2105-3878.2

- 3 -

CASE NO. 4:26-CV-01053-AMO
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

for in camera review, or through another procedure ordered by the Court.  Pending resolution of any challenge, the receiving party shall sequester the material and shall not review, use, disclose, or rely on it except as permitted by this paragraph.

The parties further agree that the inspection or production of documents (including physical objects) shall not constitute a waiver of attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery, either as to the specific information or materials disclosed or as to any other information or materials relating thereto or on the same or related subject matter. No party may argue that the production of such material, whether inadvertent or otherwise, constitutes a waiver of any privilege or protection.  As soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party shall provide written notice designating any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity, and request destruction or deletion of such documents if possible, or that the party immediately cease reviewing the material. Similarly, if a receiving party becomes aware of a producing party's production of potentially protected documents, the receiving party shall cease review and promptly notify the producing party to allow the producing party to make a claim of privilege or protection.

Upon request by the producing party, the receiving party shall immediately cease review of such documents, and destroy or delete, to the greatest extent possible, all copies of such inadvertently produced document(s), and all notes or other writings or recordings that summarize, reflect, or discuss the contents of such inadvertently produced document(s). The party shall then certify, in writing, that destruction or deletion of the documents has been completed in compliance with this section.

It is the desire, intention, and mutual understanding of the parties that all inadvertently or unintentionally disclosed documents that are entitled to protection under the attorney-client privilege or work product immunity or any other applicable privilege or immunity shall be treated as confidential and may not be disclosed by the receiving party to persons or entities

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4898-2105-3878.2

- 4 -

CASE NO. 4:26-CV-01053-AMO
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

other than the producing party without the written consent of the producing party.

If a receiving party inadvertently discloses any documents produced by another party to a person or an entity other than the producing party in a manner that is not authorized by the terms of this agreement, such disclosure shall not be deemed a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity, either as to the specific information or materials disclosed or as to any other information or materials relating thereto or on the same or related subject matter (and none of the parties will assert such a waiver). In such circumstances, after the producing party provides written notice designating such documents as within an applicable privilege or immunity, the receiving party shall immediately notify the producing party that such documents have been inadvertently disclosed to the third party, and the receiving party shall cooperate in good faith to restore the applicable privilege or protection with respect to the disclosed documents, including retrieval or destruction of all copies, to the extent possible.

The parties agree that no motion to compel or other argument for waiver of privilege will be raised based upon the inadvertent production of privileged information or a privileged document as contemplated by this agreement.

Nothing herein shall prevent the receiving party from challenging the propriety of the claim of attorney-client privilege or work product immunity or other applicable privilege or immunity designation by submitting a written challenge to the Court.

Without application to this Court, any party that is a beneficiary of the protections of this stipulation may enter into a written agreement releasing any other party hereto from one or more requirements of this stipulation even if the conduct subject to the release would otherwise violate the terms herein. Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log.

### 9. MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4898-2105-3878.2

- 5 -

CASE NO. 4:26-CV-01053-AMO
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

**IT IS SO STIPULATED**, through Counsel of Record.

Dated: 6/30/2026

/s/ *Haley M. Wayland*
Counsel for Plaintiff

Dated: 6/30/2026

/s/ *Danya Elbendary*
Counsel for Defendants

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:  7/2/2026

ARACELI MARTÍNEZ-OLGUÍN
UNITED STATES DISTRICT JUDGE

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4898-2105-3878.2

CASE NO. 4:26-CV-01053-AMO
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

**ATTESTATION**

I, Haley Wayland, am the ECF User whose ID and password were used to file this Stipulated Order re Discovery of Electronically Stored Information.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified in this document has concurred in the filing.

Dated:  June 30, 2026

Respectfully submitted,

ALLEN MATKINS LECK GAMBLE
 MALLORY & NATSIS LLP

By:  /s/ *Haley M. Wayland*
HALEY M. WAYLAND
Attorneys for Plaintiff
HSE ASSOCIATES, LLC, a Florida
limited liability company

# EXHIBIT A

**I.     DEFINITIONS**

A.     The term "Bates Number" means a unique number affixed to each page of a document produced in the Litigation.

B.     The term "Confidentiality Designation" means the designation of information as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS EYES ONLY" pursuant to any protective agreement in this Litigation.

C.     The term "Custodian" means any person who has possession, custody, and/or control of a Document.

D.     "Database System" means any system that is accessible consisting of a group of integrated files, which is stored in one location or distributed across multiple locations in a network, and made available to several users and/or Custodians, and consisting of a tabulation of corresponding information which can be searched, organized, classified, and accessed in multiple ways.  "Database System" includes both corporate systems as well as personal computers and personal electronic devices where Electronically Stored Information ("ESI"), as defined herein, could be stored.

E.     The term "Document" means any and all written, graphic, or electronic matter (including e-mails), however produced or reproduced, and each and every thing from which information can be processed or transcribed.  "Document" shall include both Hard-Copy Documents and Electronic Documents as defined herein.

F.     The term "Electronic Document" means Documents existing in electronic form at the time of collection, including but not limited to:  Email, word processing files (*e.g.*, Microsoft Word), computer presentations (*e.g.*, PowerPoint), spreadsheets (*e.g.*, Excel), image files (*e.g.*, PDF, AutoCAD, DWG, DXF, and PDS), accounting materials (*e.g.*, Oracle 1li), and project planning and scheduling (*e.g.*, Primavera P6).

G.     The term "Electronically Stored Information" ("ESI") means information that is stored in an electronic medium (including storage in a Database System as defined herein) and includes Electronic Documents and Metadata as defined herein.

4905-5561-9512.1/

H.      The term "Hard-Copy Document" means Documents existing in paper or other tangible form at the time of collection.

I.      The term "Load File" means a file provided with a production set of Document images, metadata, or other information that facilitates the loading/correlation of such information into/within a Receiving Person's document review platform.

J.      The term "Metadata" means corresponding data about an Electronic Document that resides in the unviewed area of an Electronic Document and is generally not seen when such a Document is printed (*e.g.*, date created, date sent, author, recipient).

K.      The term "Native Format" means the format in which an Electronic Document was created and used (also referred to in terms of "Native Production").

L.      The term "Producing Person" means any Party to the Litigation or any third party that produces Documents in this Litigation.

M.      The term "Receiving Person" means any Party to the Litigation or any third party that requests or receives Documents in this Litigation.

N.      The term "Searchable Text" means the native text extracted from an Electronic Document and any Optical Character Recognition text ("OCR text") generated from a Hard-Copy Document or electronic image.

## II.     PRESERVATION OBLIGATIONS

Without restricting the freedom to use reasonable alternative methods, the Parties will take the following measures in fulfillment of their respective preservation obligations:

**A.      Preservation Sources**

The Parties agree to preserve the following ESI sources:

- Email systems
- Network file shares
- Cloud storage systems
- Collaboration platforms
- Document management systems
- Structured Databases

4905-5561-9512.1/

-2-

- To the extent artificial intelligence systems are used in connection with potentially relevant information, such systems may be addressed by the parties during the meet-and-confer process as appropriate.

**B.     Database Systems and ESI**

The Parties shall take reasonable steps to ensure the preservation of relevant ESI contained within the identified relevant Database Systems.  The Parties recognize that these Database Systems are live databases in which the Parties continue to do business and, thus, certain system data may be changing daily.  Further, these Database Systems are too large to capture and preserve in their entirety.  As it would require significant custom programming of the system to capture and preserve all historic changes going forward, the Parties need not take any such steps to preserve any transient or ephemeral data in the systems not already being captured and retained in the usual course of business by the Parties as the systems are currently configured.

**III.     ESI COLLECTION, PROCESSING, AND REVIEW**

**A.     ESI Processing, Culling, and Review Methodology**

In general, ESI processing, review, and production will consist of (1) loading of ESI into a review platform selected by the Producing Person; (2) culling using filters based upon file creation or message dates, key word searching, and the application of additional filters such as deduplication of identical files; (3) attorney review for responsiveness and privilege of Documents which are attributed to relevant Custodians, which fall within the agreed date range, and which contain key words; and (4) production of relevant and responsive non-privileged ESI.  Neither party will have an obligation to review and/or produce Email which are not responsive based upon reasonably calculated search terms or which fall outside the preservation date range.  The Parties may reasonably employ technology assisted review capabilities and statistical sampling to reasonably prioritize and target their respective attorney reviews.

**B.    Format of Production**

1.    <u>Electronic Documents:</u>

Electronic Documents shall be produced as black and white (or, if the original document is in color, in color), Group IV compression, with not less than 300-dpi single page TIFF files named ".TIF (*e.g.*, "HSE_ESI_00000005.TIF") (with no spaces in the file name), embossed with a Bates Number for each image and an appropriate Confidentiality Designation, with Metadata contained in a separate file, except as otherwise stated herein.  The Producing Person will take reasonable steps to produce relevant, non-privileged attachments to Electronic Documents contemporaneously and in sequential order.  Thus, the Producing Person will take reasonable steps to ensure that all Electronic Documents attached to an email are to be produced contemporaneously and sequentially immediately after the parent email.  Native ESI that is password protected or encrypted in the usual course of business shall, where possible, be unencrypted or have password protection removed, in order to enable review and production of such documents, except where such measures are necessary to comply with data security laws or to protect the privacy or security of the data.  The Parties may obtain native productions, in addition to the foregoing, upon request.  A place holder TIFF image shall be produced for these records with a legend such as "This document produced in native file format only."  The TIFF image should be endorsed with a sequential bates number and the produced native file named to match this Bates Number and any appropriate Confidentiality Designation in the file name, *e.g.*, BATES000001 – CONFIDENTIAL.xls.  For Database Load Files/Cross-Reference Files, documents shall be provided with (1) a Concordance delimited load file(s) and (2) an Opticon delimited cross-reference file(s) showing document breaks.

<u>Example of Concordance Delimited File:</u>

þBegDocþ¶ þEndDocþ¶ þBegAttachþ¶ þEndAttachþ¶

<u>Example of Opticon Delimited File:</u>

```
MSC000001,MSC001,D:\IMAGES\001\MSC000001.TIF,Y,,,3
MSC000002,MSC001,D:\IMAGES\001\MSC000002.TIF,,,,
MSC000003,MSC001,D:\IMAGES\001\MSC000003.TIF,,,,,
MSC000004,MSC001,D:\IMAGES\001\MSC000004.TIF,Y,,,2
MSC000005,MSC001,D:\IMAGES\001\MSC000005.TIF,,,,
```

2.    Hard-Copy Documents:

To the extent reasonably practicable, the Parties shall convert Hard-Copy Documents to images.  Hard-Copy Documents shall be produced as black and white (or, if the original document is in color, in color), Group IV compression, 300-dpi single page TIFF files named ".TIF (*e.g.*, "HSE_HC_00000005.TIF") (with no spaces in the file name), embossed with a Bates Number for each image (with the document boundaries (BEGDOC, ENDDOC) contained in a separate file) and an appropriate Confidentiality Designation.  For Database Load Files/Cross-Reference Files, documents shall be provided with (1) a Concordance delimited load file(s) and (2) an Opticon delimited cross-reference file(s) showing document breaks.

Example of Concordance Delimited File:

þBegDocþ¶ þEndDocþ¶

Example of Opticon Delimited File:

MSC000001,MSC001,D:\IMAGES\001\MSC000001.TIF,Y,,,3
MSC000002,MSC001,D:\IMAGES\001\MSC000002.TIF,,,,
MSC000003,MSC001,D:\IMAGES\001\MSC000003.TIF,,,,
MSC000004,MSC001,D:\IMAGES\001\MSC000004.TIF,Y,,,2
MSC000005,MSC001,D:\IMAGES\001\MSC000005.TIF,,,,

Reasonable efforts shall be used to scan the pages at or near their original size and so that the image appears straight and not skewed.  Physically oversized originals, however, may appear reduced (unless full-size images/copies are reasonably requested).  In addition, reducing image size may be necessary to display Bates Numbers and Confidentiality Designations without obscuring text.  All Hard-Copy Documents that have been converted to images will be processed through an Optical Character Recognition process (OCR).  An ASCII delimited database Load File will be produced with the corresponding image files.  The database Load File shall contain the fields designated below.  OCR text will be provided in separate .TXT files organized at the document level and named with the corresponding image file name.  The path to the OCR text file will be included in the Load File.  Hard-Copy Documents shall be produced with the following fields:

| Field Name | Description |
|---|---|
| Source | Source data sufficient to identify the physical location of the original document |
| BegBates | Bates Number on first page of each document |
| EndBates | Bates Number on last page of each document |
| Full Text Path | Path to text file on delivery media |
| Designation | Confidentiality Designation |
| Redacted | Whether the document contains any redactions ("Y" if yes) |

3.       Native Production of Electronic Documents and ESI:

Notwithstanding Paragraph 3(B)(1), the Parties agree to produce Native Files of spreadsheet application files (*e.g.*, Microsoft Excel), presentation application files (*e.g.*, Microsoft PowerPoint), audio/video files (*e.g.*, .wav, .mpeg, .avi), digital representations of multimedia or social media content files (*e.g.*, .mht, .warc), and any files constituting deliverables, documentation, reports, or other work, including without limitation Computer Aided Design ("CAD") files (*e.g.*, Autocad, Microstation) and scheduling files (*e.g.* Primavera, Microsoft Project).  The parties shall meet and confer with respect to the form of production for multimedia, audio and video files in non-standard formats or any files included in this sub-paragraph for which a claim of privilege exists.

4.       Extracts:

In the event such documents are identified, the Parties will meet and confer to discuss production of extracts from non-standalone databases.

5.       Searchable Text:

The Parties agree that they will produce Searchable Text for all Electronic Documents and ESI produced.  Likewise, the Parties agree that they will produce Searchable Text for all Hard-Copy Documents that have been converted to images.  For any Document where text has been redacted, OCR text will be provided for the non-redacted text.

6.    Metadata:

For Electronic Documents, the Parties agree to produce the Metadata set forth below in a .DAT Load File to the extent that such Metadata is available and reasonably practicable to provide, responsive, not privileged, and are already populated in the Producing Person's normal course.  There is no obligation on the Producing Person to create Metadata where none exists or is not reasonably available.  Load Files will be provided with each production and shall preserve the original document unitization.  Each individual file will be renamed using a unique item identifier (that matches the Bates Number on a file-by-file basis versus a page-by-page basis).  All metadata will be produced in an ASCII delimited database Load File in the agreed upon formats.  Attachment associations to email and other documents (*e.g.* embedded files) will be preserved as attachment number range fields.  Attachments should be numbered consecutively following the parent file.  Load Files will include the following metadata:

| Field Name | Description |
|---|---|
| Media Volume | Production Volume Number |
| BegBates | Bates Number on first page of each document |
| EndBates | Bates Number on last page of each document |
| BegAttach | Beginning attachment number.  This is usually the first Bates Number in a bundle.  *E.g.*, for an email with 3 attachments, BEGATTACH is the first page of the parent email. |
| EndAttach | Ending attachment number.  This is usually the last Bates Number in a bundle.  *E.g.*, for an email with 3 attachments, ENDATTACH is the last page of the last attachment. |
| Page Count | Number of pages |
| DocType | Type of Document (*e.g.*, email, attachment, e-file.) |
| Document Extension | *E.g.*, XLS, DOC, PDF |
| Author | E-file creator |
| From | Names of person sending an email |
| Recipient | Names of persons to whom an email is sent |
| CC | Names of persons copied on an email |
| BCC | Names of persons blind copied on an email |
| Email Subject | Subject line of an email |
| Sent Date | Date email was sent |
| Time Sent | Time email was sent |
| Received Date | Date email was received (mm/dd/yyyy) |
| Time Received | Time email was received in user's mailbox |
| Time Zone | Time zone of document |
| Create Date | Date document was created (mm/dd/yyyy) |
| Time Created | Time document was created |
| Last Modified Date | Date document was last saved (mm/dd/yyyy) |
| Time Last Modified | Time document was last saved |
| File Path | Path of source file |

4905-5561-9512.1/

-7-

| Field Name | Description |
|---|---|
| Filename | E-file filename |
| MD5Hash | |
| Custodian | Name of person from whom the file was obtained |
| All Custodians | Identifying other Custodians of document |
| Attachment Count | |
| Text Link | |
| Native Link | Full relative path to the current location of the native or near-native document used to link to native produced file |
| Designation | Confidentiality Designation |
| Redacted | Whether the document contains any redactions ("Y" if yes) |

7.      Other ESI:

Through the course of discovery, in some cases it may be necessary to alter a Native Format in order to create a format suitable for production purposes (for example, Lotus Notes files, web pages, etc.).  In such circumstances, the Parties will meet and confer to discuss an acceptable production format.  If discoverable ESI is in a format that will not convert well to the searchable TIFF format delineated above (for example, CAD files, etc.), the Parties will meet and confer to discuss an acceptable production format.

## IV.   PRODUCTION SPECIFICATIONS

### A.   Generally:

The Parties will cooperate to ensure that the logistics of production are efficient and economical, including production media, Bates Numbering, Load Files and general organization of produced documents.  To the extent the Parties have specific review platforms, the Parties shall agree on specifications for those platforms.

### B.   De-duplication:

The Parties will de-duplicate Electronic Documents globally and will provide an accompanying field identifying all Custodians of de-duplicated copies.  De-duplication will be performed based on MD5 or SHA-1 hash values, at the family level, meaning that emails shall be treated as duplicates only if they are identical both in their bodies and in all their attachments, and an email attachment shall not be treated as a duplicate merely because an identical copy of the

4905-5561-9512.1/

document exists as a separate file.  ESI duplicates shall be identified by using industry standard MD5 or SHA-1 algorithms only to create and compare hash values for exact matches only.

**C.      Production Media:**

Documents and ESI shall be produced on a hard drive, CD, DVD, secure FTP site, or another mutually agreeable media storage device.

**D.      Video and Audio Tapes:**

Labels of videotapes and audio tapes that are produced will be photocopied and an image of the tape made and numbered as a placeholder for each tape and included in the production database Load File as would other tangible documents.

**E.      Bates Numbering:**

Each produced TIFF image or hard copy page will be labeled with a Bates Number on the bottom right hand corner of each image *e.g.*, BATES000001(in 0.25" white space added to the bottom of the page, so as to not obliterate existing text in the Document).  Each produced TIFF image or hard copy page with any Confidentiality Designation on the bottom left hand corner of each image *e.g.*, CONFIDENTIAL (in 0.25" white space added to the bottom of the page, so as to not obliterate existing text in the Document).  Each Document produced in Native Format will be named by its Bates Number and any appropriate Confidentiality Designation in the file name, *e.g.*, BATES000001 – CONFIDENTIAL.xls.

**F.      Bates Prefixes:**

Bates prefixes shall follow the following format:

| Producing Person | Bates Prefix:  Hard Copy | Bates Prefix:  ESI |
|---|---|---|
| HSE Associates, LLC | HSE_HC_ | HSE_ESI_ |
| Decathlon USA, LLC | DUSA_HC_ | DUSA_ESI_ |
| Decathlon SE | DSE_HC_ | DSE_ESI_ |
| Third Parties | Consistent with the above. | |

## V.      ADDITIONAL ISSUES

### A.      Cached Data, Residual Data, RAM, and Fragmented Data

Only active data shall be subject to preservation.  The Parties shall have no obligation to preserve, review, or produce cookies, deleted, shadowed, fragmented, residual data, or Documents, cached, temporary files random access memory ("RAM") or ESI that would only be preserved by taking a forensic (bit stream) image of a hard drive.

### B.      Metadata

Metadata can easily be altered unintentionally or inadvertently.  Metadata can also be highly volatile and easily altered in the collection process.  The Parties shall take reasonable steps to preserve Metadata fields set forth herein to the extent it is relevant, available, and has been maintained in the ordinary course of business.

### C.      On-Site Inspections

On-site inspections of electronic media shall not be permitted, except on mutual agreement of the Parties or upon ruling of the Court following a showing of good cause and specific need.

### D.      Continued Operation of Systems

Nothing in this order shall prohibit the following actions taken in the ordinary course of business:  (1) routine maintenance, operation, or replacement of computer systems or equipment; and (2) upgrading, loading, reprogramming, customizing, or migrating software, even if such actions modify or alter the way in which ESI is maintained, stored, or viewed, provided the integrity of the original ESI is reasonably maintained.  The Parties shall take reasonable steps to preserve backup tapes and data archives, if they contain relevant information.

### E.      Non-Party Productions

Documents produced by any third party in response to a subpoena from any party to the Litigation will be scanned and numbered.  If the documents are produced by the third party in a format that makes ESI processing feasible, the documents shall be scanned, numbered, and ESI-processed in accordance with this Protocol.  The subpoenaing party will be responsible for the cost of the scanning and/or processing and production and the delivery of media and Load Files to the

other parties in this Litigation.  For purposes of this provision, "third party" shall mean any entity not a party to the litigation whose documents are not in the possession, custody or control of a party to the litigation.

**F.      Amendments**

Any practice or procedure set forth herein may be varied by agreement of the Parties and/or third parties (where applicable), confirmed in writing, where such variance is deemed appropriate to facilitate the timely and economical production of documents.

(Remainder of page intentionally left blank – Signatures begin on following page.)

4905-5561-9512.1/

-11-

Dated: June 30, 2026

ALLEN MATKINS LECK GAMBLE
MALLORY & NATSIS LLP

By: _____ /s/ *Haley M. Wayland* _____

Attorneys for Plaintiff
HSE ASSOCIATES, LLC

Dated: June 30, 2026

MINTZ LEVIN COHN FERRIS GLOVSKY
AND POPEO, P.C.

By: _____ /s/ *Danya Elbendary* _____

Attorneys for Defendants
DECATHLON SE and
DECATHLON USA, LLC

4905-5561-9512.1/

-12-

**ATTESTATION**

I, Haley Wayland, am the ECF User whose ID and password were used to file this Stipulated Order re Discovery of Electronically Stored Information.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified in this document has concurred in the filing.

Dated:  June 30, 2026

Respectfully submitted,

ALLEN MATKINS LECK GAMBLE
  MALLORY & NATSIS LLP

By:  /s/ *Haley M. Wayland*
  HALEY M. WAYLAND
  Attorneys for Plaintiff
  HSE ASSOCIATES, LLC, a Florida
  limited liability company

4905-5561-9512.1/

-13-

ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
IVAN M. GOLD (BAR NO. 121486)
3 Embarcadero Center, 25th Floor
San Francisco, California 94111-4070
Phone:  (415) 837-1515
Fax:  (415) 837-1516
Email:    igold@allenmatkins.com

ALLEN MATKINS LECK GAMBLE
     MALLORY & NATSIS LLP
TIMOTHY M. HUTTER (BAR NO. 267949)
MIKAYLA O'NEAL (BAR NO. 334357)
HALEY WAYLAND (BAR NO. 345976)
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Phone:  (619) 233-1155
Fax:  (619) 233-1158
Email:    thutter@allenmatkins.com
            moneal@allenmatkins.com
            hwayland@allenmatkins.com

Attorneys for Plaintiff
HSE ASSOCIATES, LLC, a Florida limited liability
company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| HSE ASSOCIATES, LLC, a Florida limited liability company,<br><br>    Plaintiff,<br><br>  v.<br><br>DECATHLON USA, LLC, a Delaware limited liability company and DECATHLON SE, a French corporation,<br><br>    Defendants. | Case No. 4:26-cv-01053-AMO<br><br>**DECLARATION OF HALEY WAYLAND IN SUPPORT OF STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4916-2742-2902.1

CASE NO. 4:26-CV-01053-AMO
DECLARATION OF HALEY WEYLAND ISO
STIPULATED ORDER RE DISCOVERY

DECLARATION OF HALEY WAYLAND

I, Haley Wayland, declare as follows:

1.      I am an attorney at the law firm of Allen Matkins Leck Gamble Mallory & Natsis LLP, counsel of record for Plaintiff HSE Associates, LLC in the above-captioned action. I am a member in good standing of the State Bar of California. I have personal knowledge of the facts set forth in this Declaration and, if called as a witness, could and would testify competently to such facts under oath.

2.      This declaration is made pursuant to the Standing Order for Civil Cases Before District Judge Araceli Martinez-Olguin, Section I(4).  Specifically, the concurrently filed Stipulated Order Re: Discovery of Electronically Stored Information ("Proposed Order") is based on the model order found on the Northern District of California's website – Model Stipulated Order Re: Discovery of Electronically Stored Info ("Model Order").

3.      Attached hereto as **Exhibit 1** is a true and correct copy of the redline version comparing the Proposed Order with the Model Order.

4.      The Parties revised Section 3 of the Proposed Order to include a list of the discovery liaisons and their contact information.

5.      The Parties revised Section 4(a) of the Proposed Order to add a date range for ESI that must be preserved.

6.      The Parties revised Section 4(b) of the Proposed Order to take out reference to custodians and include a reference to an Exhibit A, which is a document that includes a list of ESI the Parties believe should be preserved and other ESI collection and production protocols.

7.      The Parties revised Section 4 of the Proposed Order to delete subsections (c), (d), (e), and (f), as the Parties did not desire to limit ESI discovery in the ways proposed in these subsections.

8.      The Parties revised Section 6 of the Proposed Order to include check marks for applicable file formats (PDF, TIFF, and native).

9.      The Parties revised Section 7 of the Proposed Order to take out reference to the sources and custodians of ESI in this matter.

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4916-2742-2902.1

-2-

CASE NO. 4:26-CV-01053-AMO
DECLARATION OF HALEY WEYLAND ISO
STIPULATED ORDER RE DISCOVERY

10.    The Parties revised Section 8 of the Proposed Order to include a more extensive discussion of production of privileged or work-product protected documents and other documents protected from discovery.  The Parties deleted subsections (a), (b), and (c).

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on June 30, 2026, at San Diego, California.


                                                          /s/ *Haley M. Wayland*
                                                          Haley M. Wayland

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4916-2742-2902.1

- 3 -

# EXHIBIT 1

ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
IVAN M. GOLD (BAR NO. 121486)
3 Embarcadero Center, 25th Floor
San Francisco, California 94111-4070
Phone:  (415) 837-1515
Fax:  (415) 837-1516
Email:    igold@allenmatkins.com

ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP
TIMOTHY M. HUTTER (BAR NO. 267949)
MIKAYLA O'NEAL (BAR NO. 334357)
HALEY WAYLAND (BAR NO. 345976)
One America Plaza
600 West Broadway, 27th Floor
San Diego, California 92101-0903
Phone:  (619) 233-1155
Fax:  (619) 233-1158
E-Mail:    thutter@allenmatkins.com
          moneal@allenmatkins.com
          hwayland@allenmatkins.com

Attorneys for Plaintiff
HSE ASSOCIATES, LLC, a Florida limited liability
company

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| HSE ASSOCIATES, LLC, a Florida limited liability company, | Case No. 4:26-cv-01053-AMO |
| Plaintiff, | **STIPULATED ORDER RE: DISCOVERY OF ELECTRONICALLY STORED INFORMATION** |
| v. | |
| DECATHLON USA, LLC, a Delaware limited liability company and DECATHLON SE, a French corporation, | |
| Defendants. | Complaint filed: February 3, 2026<br>Trial Date:      November 30, 2027 |

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4926-2892-1016.1

### 1. PURPOSE

This Order will govern discovery of electronically stored information ("ESI") in this case as a supplement to the Federal Rules of Civil Procedure, this Court's Guidelines for the Discovery of Electronically Stored Information, and any other applicable orders and rules.

### 2. COOPERATION

The parties are aware of the importance the Court places on cooperation and commit to cooperate in good faith throughout the matter consistent with this Court's Guidelines for the Discovery of ESI.

### 3. LIAISON

The parties have identified liaisons to each other who are and will be knowledgeable about and responsible for discussing their respective ESI.  Each e-discovery liaison will be, or have access to those who are, knowledgeable about the technical aspects of e-discovery, including the location, nature, accessibility, format, collection, search methodologies, and production of ESI in this matter. The parties will rely on the liaisons listed below, as needed, to confer about ESI and to help resolve disputes without court intervention.  Discovery liaisons for each party are listed below as follows:

a) Plaintiff:       Mikayla O'Neal/Haley Wayland/Timothy Hutter
                    Allen Matkins Leck Gamble Mallory & Natsis, LLP
                    600 W. Broadway, 27th Floor
                    San Diego, CA 92101-0903
                    moneal@allenmatkins.com; hwayland@allenmatkins.com;
                    thutter@allenmatkins.com

b) Defendants:      Antony Nash/Danya Elbendary
                    Mintz, Levin, Cohn, Ferris, Glovsky, and Popeo, P.C.
                    3580 Carmel Mountain Road, Suite 300
                    San Diego, CA 92130
                    anash@mintz.com; delbendary@mintz.com

### 4. PRESERVATION

The parties have discussed their preservation obligations and needs and agree that preservation of potentially relevant ESI will be reasonable and proportionate. To reduce the costs and burdens of preservation and to ensure proper ESI is preserved, the parties agree that:

a)  Only ESI created or received between January 1, 2018 and November 30, 2027 will be preserved;

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4926-2892-1016.1

-2-

CASE NO. 4:26-CV-01053-AMO
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

b) The parties have exchanged a list of the types of ESI they believe should be preserved, ~~and the custodians, or general job titles or descriptions of custodians, for whom they believe ESI should be preserved, e.g., "HR head," "scientist," and "marketing manager."~~ a copy of which is attached hereto as **Exhibit A**. ~~The parties shall add or remove custodians as reasonably necessary;~~

~~c)   The parties have agreed/will agree on the number of custodians per party for whom ESI will be preserved;~~

~~d)   These data sources are not reasonably accessible because of undue burden or cost pursuant to Fed. R. Civ. P. 26(b)(2)(B) and ESI from these sources will be preserved but not searched, reviewed, or produced:  [e.g., backup media of [named] system, systems no longer in use that cannot be accessed];~~

~~e)   Among the sources of data the parties agree are not reasonably accessible, the parties agree not to preserve the following: [e.g., backup media created before _____, digital voicemail, instant messaging, automatically saved versions of documents];~~

~~f)   In addition to the agreements above, the parties agree data from these sources (a) could contain relevant information but (b) under the proportionality factors, should not be preserved: _____.~~

## 5.  SEARCH

The parties agree that in responding to an initial Fed. R. Civ. P. 34 request, or earlier if appropriate, they will meet and confer about methods to search ESI in order to identify ESI that is subject to production in discovery and filter out ESI that is not subject to discovery.

## 6.  PRODUCTION FORMATS

The parties agree to produce documents in ☒~~☐~~ PDF, ☒~~☐~~TIFF, ☒~~☐~~native and/or ☐ paper or a combination thereof (check all that apply)] file formats. If particular documents warrant a different format, the parties will cooperate to arrange for the mutually acceptable production of such documents. The parties agree not to degrade the searchability of documents as part of the document production process.

## 7.  PHASING

When a party propounds discovery requests pursuant to Fed. R. Civ. P. 34, the parties agree to phase the production of ESI ~~and the initial production will be from the following sources and custodians: _____.~~ Following the initial production, the parties will continue to prioritize the order of subsequent productions.

## 8.  DOCUMENTS PROTECTED FROM DISCOVERY

Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4926-2892-1016.1

- 3 -

CASE NO. 4:26-CV-01053-AMO
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

The receiving party shall not use or disclose any document, including ESI, that the producing party asserts is protected by the attorney-client privilege, work product doctrine, or other applicable privilege, except as necessary to comply with this Order or to present a challenge to the propriety of the asserted privilege or protection.  If the receiving party challenges the assertion of privilege or protection, the challenged material shall not be used for any purpose other than resolving that challenge and shall be submitted, if necessary, under seal, for in camera review, or through another procedure ordered by the Court.  Pending resolution of any challenge, the receiving party shall sequester the material and shall not review, use, disclose, or rely on it except as permitted by this paragraph.

The parties further agree that the inspection or production of documents (including physical objects) shall not constitute a waiver of attorney-client privilege or work product immunity or any other applicable privilege or immunity from discovery, either as to the specific information or materials disclosed or as to any other information or materials relating thereto or on the same or related subject matter. No party may argue that the production of such material, whether inadvertent or otherwise, constitutes a waiver of any privilege or protection. As soon as reasonably possible after the producing party becomes aware of any inadvertent or unintentional disclosure, the producing party shall provide written notice designating any such documents as within the attorney-client privilege or work product immunity or any other applicable privilege or immunity, and request destruction or deletion of such documents if possible, or that the party immediately cease reviewing the material. Similarly, if a receiving party becomes aware of a producing party's production of potentially protected documents, the receiving party shall cease review and promptly notify the producing party to allow the producing party to make a claim of privilege or protection.

Upon request by the producing party, the receiving party shall immediately cease review

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4926-2892-1016.1

- 4 -

CASE NO. 4:26-CV-01053-AMO
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

of such documents, and destroy or delete, to the greatest extent possible, all copies of such inadvertently produced document(s), and all notes or other writings or recordings that summarize, reflect, or discuss the contents of such inadvertently produced document(s). The party shall then certify, in writing, that destruction or deletion of the documents has been completed in compliance with this section.

It is the desire, intention, and mutual understanding of the parties that all inadvertently or unintentionally disclosed documents that are entitled to protection under the attorney-client privilege or work product immunity or any other applicable privilege or immunity shall be treated as confidential and may not be disclosed by the receiving party to persons or entities other than the producing party without the written consent of the producing party.

If a receiving party inadvertently discloses any documents produced by another party to a person or an entity other than the producing party in a manner that is not authorized by the terms of this agreement, such disclosure shall not be deemed a waiver of the attorney-client privilege or work product immunity or any other applicable privilege or immunity, either as to the specific information or materials disclosed or as to any other information or materials relating thereto or on the same or related subject matter (and none of the parties will assert such a waiver). In such circumstances, after the producing party provides written notice designating such documents as within an applicable privilege or immunity, the receiving party shall immediately notify the producing party that such documents have been inadvertently disclosed to the third party, and the receiving party shall cooperate in good faith to restore the applicable privilege or protection with respect to the disclosed documents, including retrieval or destruction of all copies, to the extent possible.

The parties agree that no motion to compel or other argument for waiver of privilege will be raised based upon the inadvertent production of privileged information or a privileged document as contemplated by this agreement.

Nothing herein shall prevent the receiving party from challenging the propriety of the claim of attorney-client privilege or work product immunity or other applicable privilege or

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4926-2892-1016.1

- 5 -

CASE NO. 4:26-CV-01053-AMO
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

immunity designation by submitting a written challenge to the Court.

Without application to this Court, any party that is a beneficiary of the protections of this stipulation may enter into a written agreement releasing any other party hereto from one or more requirements of this stipulation even if the conduct subject to the release would otherwise violate the terms herein.

a)    Pursuant to Fed. R. Evid. 502(d), the production of a privileged or work-product-protected document, whether inadvertent or otherwise, is not a waiver of privilege or protection from discovery in this case or in any other federal or state proceeding. For example, the mere production of privileged or work-product-protected documents in this case as part of a mass production is not itself a waiver in this case or in any other federal or state proceeding.

b)    The parties have agreed upon a "quick peek" process pursuant to Fed. R. Civ. P. 26(b)(5) and reserve rights to assert privilege as follows: _____

_____.

c)    Communications involving trial counsel that post-date the filing of the complaint need not be placed on a privilege log. Communications may be identified on a privilege log by category, rather than individually, if appropriate.

## 9.  MODIFICATION

This Stipulated Order may be modified by a Stipulated Order of the parties or by the Court for good cause shown.

**IT IS SO STIPULATED**, through Counsel of Record.

Dated:

_____
Counsel for Plaintiff

Dated:

_____
Counsel for Defendant

**IT IS ORDERED** that the forgoing Agreement is approved.

Dated:

_____
UNITED STATES DISTRICT/MAGISTRATE JUDGE

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4926-2892-1016.1

- 6 -

CASE NO. 4:26-CV-01053-AMO
STIPULATED ORDER RE: DISCOVERY OF
ELECTRONICALLY STORED INFORMATION

**ATTESTATION**

I, Haley Wayland, am the ECF User whose ID and password were used to file this Stipulated Order re Discovery of Electronically Stored Information.  In compliance with Civil Local Rule 5-1(i)(3), I hereby attest that each of the signatories identified in this document has concurred in the filing.

Dated:  June 30, 2026

Respectfully submitted,

ALLEN MATKINS LECK GAMBLE
    MALLORY & NATSIS LLP

By:  /s/ *Haley M. Wayland*
    HALEY M. WAYLAND
    Attorneys for Plaintiff
    HSE ASSOCIATES, LLC, a Florida
    limited liability company

ALLEN MATKINS LECK
GAMBLE MALLORY &
NATSIS LLP
ATTORNEYS AT LAW

4926-2892-1016.1

- 7 -